PAWCATUCK NATIONAL BANK *vs.* THOMAS A. BARBER.

WASHINGTON—MAY 2, 1900.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Bills and Notes.   Presentation for Payment.*

The place of payment of a promissory note was designated as the "P. Bank, Westerly, R. I."   There was no such bank in Westerly, but there was a bank so named in Stonington, Conn., the two places being separated only by a narrow stream, bridged at a principal street of both towns, the post-office for both places being in Westerly.   The defendant knew what bank was referred to and its location.   He received the note as payee, and endorsed it over to the plaintiff.   The note was presented for payment at the "P. Bank," in Stonington, Conn.

On action brought against the defendant as endorser :—

*Held*, that, by endorsement, the defendant participated in the designation of a place known to him under such designation, and that the presentment of the note was proper and valid to charge the defendant.

(2) *Conflict of Laws.   Place of Payment of Promissory Note.*

Where a note made in one State is payable, by the understanding and intent of the parties, in another State, in an action against one of the parties the law of the place of payment must govern as to the allowance of days of grace.

(3) *Pleading and Practice.   General Issue.*

*Semble*, in an action against an endorser of a promissory note, the defendant may contest the facts of presentment and notice under the general issue.

ASSUMPSIT on promissory note. The facts are fully stated in the opinion. The action was tried before Mr. Justice Rogers, sitting without a jury. Heard on petition of defendant for a new trial. New trial denied.

PER CURIAM. We find no error in the decision of Mr. Justice Rogers in this case, and we therefore deny the defendant's petition for new trial, and adopt the decision rendered as the opinion of the court.

Petition denied.

### DECISION.

ROGERS, J. This is assumpsit by the holder of a promissory note against the payee and endorser. The questions arising are wholly of law, as the facts are undisputed and agreed upon as follows:

The note sued upon reads as follows:

"$2,100.        ASHAWAY, R. I., Sept. 27, 1897.

"Four months after date we promise to pay to the order of Thomas A. Barber twenty-one hundred dollars at Pawcatuck Nat. Bank, Westerly, R. I.   Value received.

FOREST GLEN WORSTED MILL,

"No. 530.   Due Jan. 27–98.       W. R. WELLS, Agent."

Endorsed on back "Thomas A. Barber."

There was no bank within the geographical limits of the town of Westerly, R. I., named the Pawcatuck National Bank, but there was a bank so named in the village of Pawcatuck, in the town of Stonington, and State of Connecticut; Westerly, R. I., and Pawcatuck, Conn., being separated only by a narrow stream, which was bridged at a principal street of both places, the United States post-office for both places being in Westerly, R. I., which was distant but a short distance, thirty rods, say, from the Pawcatuck National Bank, and which post-office at Westerly was the one used by the bank in sending and receiving mail, there being no post-office in Connecticut near said bank. The defendant lived at

Ashaway, R. I., in the next town to Westerly, and knew what bank was referred to and where it was located. At the time of making the note days of grace were allowed in Rhode Island but not in Connecticut, so that by the law then in force in Connecticut the note would have become due January 27, 1898, whereas by the law of Rhode Island it would have become due on January 30, 1898. The note was presented for payment at the Pawcatuck National Bank, in the village of Pawcatuck and State of Connecticut, on January 27, 1898, and the defendant was notified of non-payment, etc. The defendant contends that the note was a Rhode Island note and entitled to grace, and was not due until January 30, and hence that the presentment for payment on January 27 was invalid, and the notice to him was also invalid, having been given before the maturity of the note. The plea was the general issue, and the plaintiff contends that the defendant cannot raise the issues as to presentment and notice save by special plea. No notice to prove signature was given, and no question is raised other than as above indicated.

There is no question, in the opinion of the court, but that the questions sought to be tried by the defendant under the general issue are properly triable under that plea. Gould, in his admirable treatise on pleading, says, Ch. VI. § 8, 3 ed. p. 283 : "The general issue denies all the material allegations in the declaration ; by which are meant all those which the plaintiff may be required to prove. Or, more precisely, it enables the defendant to contest all such allegations in evidence, and actually puts the plaintiff upon the proof of all or any of them which are thus contested." Again, on p. 303, § 44 : "According to the strict original principles of the common law, no defences would appear to be admissible in any case under the general issue except such as go in denial of the truth of the declaration. And therefore all special matters of defence which admit, but go in avoidance of, the declaration, would seem to require special pleas in bar, as being inconsistent with the general issue." The author then

refers to the increasing liberality or laxness that has grown up under the common law, and says, § 47, p. 304 : "In an action of assumpsit, especially, this is eminently the case. For in this action not only such defences as deny the allegations in the declaration—but almost all matters of avoidance—such as coverture—infancy—usury, or other illegality —duress—payment—release—a specialty given for the debt— a judgment rendered for either party, in a former action for the same cause—an award of arbitrators, deciding the right in question—and accord and satisfaction, are respectively good defences, under the plea of non-assumpsit." Under the strictest rule of common law, it will be seen that questions of presentment for payment and notice to the endorser would be triable under the general issue. The common law is largely overridden in England under the 3d and 4th Wm. IV, passed in 1833–4. But those statutes have no force in this State.

The substantial questions in the case are (1) was the note properly presented as to place, viz., at the Pawcatuck National Bank in Connecticut ; and (2) was it properly presented as to time, that is, in allowing no grace ?

(1)    First, as to place. Although the Pawcatuck National Bank was, in geographical strictness, in Stonington, Conn., yet it was, in postal parlance, in Westerly, R. I., and was actually but a very short distance from the Westerly line, and there is no claim made that any one was misled or deceived, it being admitted that the place intended to be designated was well known to all the parties to the transaction. When the defendant received said note, made payable to his order at the Pawcatuck National Bank, Westerly, R. I., and endorsed it, he participated in the designation of a place known to him under such designation, and which informed him of the exact spot on earth where it was intended the note was to be presented for payment, and where, as a matter of fact, it was presented. In my opinion, the presentment of the note was proper and valid so far as place was concerned.

(2)    Second, as to time.    This note was made payable by the understanding and intent of the parties, including the defendant, in the State of Connecticut, and the law of the place of payment must govern as to the allowance of days of grace on bills and notes.    4 Am. & Eng. Ency. L. 2 ed. 366, note 9.    In my opinion said note became due Jan. 27, 1898, and the notice to said defendant as endorser was proper and sufficient.

The finding and decision of the court is that the defendant did promise in manner and form as the plaintiff hath declared against him, and damages are assessed in the sum of $2,320.50, for which sum with costs the plaintiff is entitled to judgment against the defendant.